ELLEN THORNE *vs.* MARY S. BROWN.

Suffolk. Jan. 14, 15. — Feb. 28, 1885. FIELD, DEVENS, & COLBURN, JJ., absent.

A. the husband of B., who had deserted her, agreed to pay her $50 a month for her support. Subsequently, C. executed the following guaranty: "I hereby guarantee to B. the fulfilment of A.'s agreement to pay her the sum of fifty dollars a month; and in default of his paying the same, I agree to pay the same myself. And I also agree to pay to B.," on a day named, "the gross sum of five thousand dollars, or arrange for its payment within six months from that time; and on such payment, the payment of fifty dollars a month is to cease. But from the above amount shall be deducted the full amount received up to the time of gross payment." *Held,* in an action by B. against C. on the agreement, that the provision that the full amount received by B. should be deducted from the gross sum promised applied to money received from A. as well as to money received from C. after as well as before the time fixed for the gross payment, and that so long as B. received monthly payments from A., the time of making the gross payment was postponed.

CONTRACT upon the following instrument, dated February 28, 1873, and signed by the defendant: " I hereby guarantee to Mrs. Ellen Thorne the fulfilment of Charles R. Thorne, Jr.'s agreement to pay her the sum of fifty dollars a month; and in default of his paying the same, I agree to pay the same myself. And I also agree to pay to Mrs. Ellen Thorne, on the first day of July, 1873, the gross sum of five thousand dollars, or arrange for its payment within six months from that time; and on such payment, the payment of fifty dollars a month is to cease. But from the above amount shall be deducted the full amount received up to the time of gross payment." Writ dated August 1, 1883. Trial in this court, before *Field,* J., who reported the case for the determination of the full court, in substance as follows:

The plaintiff was married to Charles R. Thorne, Jr., in the year 1859, and a daughter was born in 1861, who is now living. Charles R. and the plaintiff lived together as man and wife until the year 1870, he being absent from Boston a portion of the time, as called away by his profession, which was that of an actor.

Some time in the year 1871, Charles R. met the defendant, then the wife of another man. From that time Charles R. abandoned the plaintiff and his daughter, and commenced to

cohabit with the defendant (who procured a divorce from her husband) in the city of New York, and so continued to cohabit with her in New York to the time of his death, in February, 1883; and the plaintiff knew that the two were living together in adultery.

After leaving the plaintiff, Charles R. sent her the sum of $50 a month for the support of herself and daughter.

In February, 1873, Charles R. came to Boston accompanied by the defendant. At that time, the $50 a month which Charles R. had contributed to the support of his wife and daughter was in arrears to an amount exceeding $200. In response to a note addressed to Charles R. by the attorney of the plaintiff, the defendant called upon the attorney, and personally paid the amount in arrear. The attorney then stated to the defendant, that, unless some arrangement was made whereby the plaintiff could have some security for the payment of this money in the future, she would institute legal proceedings, before Charles R. left Boston, to compel him to pay, or to pay alimony in proceedings for a divorce which would be commenced. The defendant thereupon agreed that, in consideration that such proceedings should not be commenced, she would guarantee the payment of the $50 monthly; but further said she would prefer to pay a gross sum, and have the monthly payments cease, so as not to be annoyed every month, and offered to pay the sum of $5000 on July 1, 1873, the monthly payments to cease on such gross payment. To this the plaintiff's attorney agreed, and thereupon the agreement declared on was drawn up and signed by the defendant, and, in consideration thereof, no legal proceedings were instituted by the plaintiff against Charles R.; and the defendant left Boston and returned to New York.

After this agreement, and the payment of $50 made regularly thereafterwards, the attorney did not take any legal proceedings until, in February, 1880, Charles R. notified the plaintiff that he should not pay the monthly sum during the summer months, when his professional avocation would be suspended. Charles R. came to Boston in April, 1880, whereupon the plaintiff, through her attorney, notified Charles R., who was then in Boston, that she would not accept the sum of $50 a month any longer, and, as his professional earnings had largely increased, demanded

$100 a month, or that she would institute proceedings against him for a divorce on the ground of adultery with the defendant, and for the allowance of alimony, unless said payment was then increased and regularly paid; and, after negotiation with the attorney of Charles R. and his refusal to pay said sum, a libel for divorce was filed on May 1, 1880, and a decree was entered, by consent and agreement of the parties, for alimony *pendente lite*, at the rate of $1000 per annum, until the further order of the court.

The defendant was in Boston at this time with Charles R. as his wife, but no demand was then or ever made upon her to pay any money on account of the agreement declared on, until after the death of Charles R.

The defendant has been absent from and resided out of this Commonwealth since said agreement was signed, and has paid no part thereof, otherwise than by such payments as are herein recited.

Up to May 1, 1880, the plaintiff was paid by Charles R., at $50 per month, about $4200, and from May 1, 1880, payments by Charles R., at $83.33 per month, were made until November, 1882, amounting to about $1500, when there was a hearing on said libel, and a decree of divorce *nisi* entered, on the ground of adultery with the defendant, and the alimony was increased to the sum of $150 per month, which was paid by Charles R. until his decease in February, 1883, amounting to $450.

No administration has been taken out on his estate in this Commonwealth, and no payment made since his decease.

Said decree *nisi* had not been made absolute at his decease.

The judge ruled that, on this evidence and these admissions, it was not competent for the jury to find a verdict for the plaintiff. If the ruling was right, judgment was to be entered for the defendant; otherwise, a new trial to be ordered.

*G. A. Torrey,* (*T. F. Nutter* with him,) for the plaintiff.

*A. Russ,* for the defendant, was not called upon.

HOLMES, J. The provision that the full amount received by the plaintiff up to the time of the gross payment promised by the defendant should be deducted from the gross sum promised applies to money received from Charles R. Thorne, as well as to money received from the defendant. Furthermore, the provision

is to be taken literally, and applies to the full amount so received up to the time of actual gross payment, although that time should be postponed beyond the date fixed for it. The defendant's promise that the plaintiff should receive fifty dollars a month from Charles R. Thorne or herself ran until the actual gross payment was made, or, by construction, until the sum promised in gross had been exhausted by the monthly payments, and it would be absurd to say that she was not to have the benefit of all such payments on a final accounting. We think, too, that Charles R. Thorne is dealt with as so far identified with the defendant that, so long as the plaintiff was content to receive monthly payments from him, and the defendant did not object, not only did those payments go in reduction of the gross sum, but operated to postpone the day for paying the gross sum, and prevented a breach of the contract. Hence no interest can have begun to run, at the earliest, until 1880, when the plaintiff had received over $4000. Since then she has received more than the residue of the $5000 and interest. It is unnecessary, therefore, to consider the other objections that might be urged to the plaintiff's recovery.            *Judgment for the defendant.*